Military pay; nondisability retired pay; entitlement to retired pay; service creditable; reserve officers; class action; res judicata. — On May 9, the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
This case is before the court on defendant’s motion to dismiss. Plaintiffs are seeking military retirement pay pursuant to their years of service in the Navy reserve. Defendant contends that plaintiffs are members of the class of plaintiffs which sued for such retirement pay but was unsuccessful in Alexander v. Fioto, 430 U.S. 634 (1977), and maintains that plaintiffs are barred by res judicata from pursuing the instant case. Plaintiffs argue that their cause of action is based on a statute different from the one unsuccessfully challenged in Alexander and contend that *623 they are therefore not barred by res judicata. For the reasons noted below, we find that plaintiffs are properly to be considered members of the unsuccessful plaintiff class in Alexander and correspondingly conclude that the instant claim is barred.
Chapter 67 of Title 10, United States Code, contains the provisions governing retirement based on service in the Reserves or National Guard. In particular, 10 U.S.C. § 1331 authorizes retirement pay for reservists who have accumulated 20 years of eligible service and are sixty years of age. Plaintiffs are over the age of 60 and have attained at least 20 years of service in the Navy. However, section 1331(c) contains important language limiting the eligibility to retirement pay as follows:
(c) No person who, before August 16, 1945, was a Reserve of an armed force, ... is eligible for retired pay under this chapter, unless he performed active duty after April 5, 1917, and before November 12, 1918, or after September 8, 1940, and before January 1, 1947, or unless he performed active duty (other than for training) after June 26, 1950, and before July 28,1953.
Essentially, section 1331(c) makes ineligible for retirement pay those who were in the Reserves before World War II unless they performed active duty during wartime. Bock and his fellow plaintiffs performed no such duty, and accordingly the Government denied them retirement pay, despite their service of more than 20 years. The instant suit seeks this retirement benefit.
The Government has moved to dismiss, relying primarily on the case of Alexander v. Fioto, 430 U.S. 634 (1977). Alexander was a class action suit in which a Guardsman sued to challenge the constitutionality of the section 1331(c) provision denying military retirement to those over sixty who had served the requisite 20 years but who had not served during wartime. The Supreme Court upheld the validity of the section 1331(c) exclusion of those who had no wartime service, indicating that Congress, in enacting the provision, was exercising a constitutional power to deny benefits to those with pre-World War II service who did not also serve on active duty during wartime. The Court *624 reasoned that section 1331(c) was validly enacted as "an inducement to qualified personnel to remain active in the Reserves in order to maintain a cadre of trained soldiers for use in active duty if the need should arise.” 430 U.S. at 639.
The three-judge District Court sitting in the Eastern District of New York, which originally heard the Alexander case, certified the class of plaintiffs as follows:
. . . persons at least 60 years of age who have performed 20 years of service computed under 10 U.S.C. § 1332 since August 16,1945 and otherwise are entitled to Retired Pay for Non-Regular Military Service, except that before August 16, 1945, they were a Reserve of an armed force or a member of the Army without component and did not perform active duty after April 15, 1917 but before November 12,1918, or after September 8,1940 and before January 1, 1947, or after June 26, 1950 but before July 28, 1953, and therefore were disqualified from Retired Pay Benefits by virtue of 10 U.S.C. § 1331(c).
Defendant in the instant case maintains that plaintiffs meet all the requirements of the class in the Alexander case and that they are therefore bound by the judgment upholding the section 1331(c) exclusion from retirement pay eligibility for persons situated like them.
In opposition, plaintiffs do not put forth many of the more traditional objections heard from those adversely affected by a class action judgment, i.e. inadequate representation, no adequate notice. Instead, they insist that their claim arises from a different section in Title 10 and is therefore not within the ambit of the judgment in Alexander.
The provision under which plaintiffs attempt to base their cause of action is 10 U.S.C. § 1406 (1976). That section states that after one has been granted retirement pay, or "has been notified in accordance with section 1331(d) of this title that he has completed the years of service required for eligibility, . . .” such eligibility for retired pay "may not be denied or revoked on the basis of any error, miscalculation, misinformation or administrative determination of years of service. . . .” (Section 1331(d) states that service secretaries are to notify reservists in writing when they have served the requisite 20 years of service.)
*625 Plaintiffs received notification that they had served the requisite 20 years. They claim that receipt of such notice sets them apart from the class bound by the Alexander judgment, since they are suing under section 1406 (having received notification) while the plaintiff class in Alexander was suing under, section 1331 itself.
We find no merit, however, in plaintiffs’ attempted distinction. While they did indeed receive notification that they had served 20 years, section 1406 operates to estop the Government from denying eligibility only for error in the "administrative determination of years of service.” It does not prevent the Government from making determinations about the quality of that service, i.e., was an appropriate portion of such service during a period of wartime. The language of section 1406 on its face is inapplicable to plaintiffs’ situation, and accordingly it cannot serve as a basis for their claim to retirement pay in the instant action.
Having determined that plaintiffs’ action cannot be considered based on section 1406, we agree with defendant that the actual basis for plaintiffs’ claim for money from the Government is section 1331 and its provisions for retirement pay. Since plaintiffs are ineligible for such retirement pay by virtue of section 1331(c), and since they were members of the class of plaintiffs in the Supreme Court case challenging the validity of that section, they are barred by res judicata from challenging it here.[1]
Accordingly, it is ordered, after careful consideration of the parties’ submissions but without oral argument, that defendant’s motion to dismiss is granted. The petition is dismissed.

 Moreover, even if plaintiffs were not members of the class in Alexander, we note that they could not prevail in the instant case, because the Alexander decision nonetheless would dictate denial of their claims.